15

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RECEIVED
DEC 07 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Dorothy Swafford )
_____ )
_____ )
(Name of the plaintiff or plaintiffs) )
       v.                              )   CIVIL ACTION
                                       )
WAl-MArt Stores, Inc.                  )   1:18-cv-08073
_____ )   Judge John Z. Lee
_____ )   Magistrate Judge Susan E. Cox
(Name of the defendant or defendants)  )

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is  Dorothy Swafford  of the county of  Cook  in the state of  Illinois .

3. The defendant is  WAl-mArt Stores, Inc. , whose street address is  10900 S. Doty Ave ,
(city) Chicago  (county) Cook  (state) Illinois  (ZIP) 60628
(Defendant's telephone number) (773) - 344-9016

4. The plaintiff sought employment or was employed by the defendant at (street address)
 10900 S. Doty Ave  (city) Chicago
(county) Cook  (state) Illinois  (ZIP code) 60628

Case: 1:18-cv-08073 Document #: 1 Filed: 12/07/18 Page 2 of 20 PageID #:2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

   (a) ☐ was denied employment by the defendant.

   (b) ☒ was hired and is still employed by the defendant.

   (c) ☐ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) October, (day) 31st, (year) 2016.

7.1 *(Choose paragraph 7.1 or 7.2, do not complete both.)*

   (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐ has not ☒ has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

   (i) ☐ the United States Equal Employment Opportunity Commission, on or about (month) October (day) 31st (year) 2016.

   (ii) ☐ the Illinois Department of Human Rights, on or about (month)_____ (day)_____ (year)_____.

   (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☒ YES. ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

   It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

   (a) the plaintiff previously filed a Complaint of Employment Discrimination with the defendant asserting the acts of discrimination indicated in this court complaint.

2

        [X] Yes (month) **October** (day) **31st** (year) **2016**

        [ ] No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) **April** (day) **25th** (year) **2018**.

(c) Attached is a copy of the

    (i) Complaint of Employment Discrimination,

    [✓] YES    [ ] NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

    [✓] YES    [ ] NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) [ ] the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

    (b) [X] the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) **09** (day) **10** (year) **2018** a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) [ ] Age (Age Discrimination Employment Act).

    (b) [ ] Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

    (c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

    (d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

    (f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

    (g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

    (a) ☐ failed to hire the plaintiff.

    (b) ☐ terminated the plaintiff's employment.

    (c) ☐ failed to promote the plaintiff.

    (d) ☐ failed to reasonably accommodate the plaintiff's religion.

    (e) ☒ failed to reasonably accommodate the plaintiff's disabilities.

    (f) ☐ failed to stop harassment;

    (g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

    (h) ☐ other (specify):_____

_____

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Case: 1:18-cv-08073 Document #: 1 Filed: 12/07/18 Page 5 of 20 PageID #:5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

13. The facts supporting the plaintiff's claim of discrimination are as follows:

I began my employment with defendant on or about March 18, 2006. My most recent position was Cashier. On or about January 2016, I informed defendant that I was released to return to work. I called to no avail. I believe I was discriminated against because of disability (AWD) Act of 1990 Violation

14. **[*AGE DISCRIMINATION ONLY*]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. [X] YES [ ] NO

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

(a) [ ] Direct the defendant to hire the plaintiff.

(b) [ ] Direct the defendant to re-employ the plaintiff.

(c) [ ] Direct the defendant to promote the plaintiff.

(d) [ ] Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) [ ] Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) [ ] Direct the defendant to (specify): _____

5

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

_____

(g) [✓] If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) [ ] Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)
*Dorothy Swafford*
All rights reserved

(Plaintiff's name)
Dorothy Swafford

(Plaintiff's street address)
451 E. 48th Pl #201

_____

(City) Chicago  (State) IL  (ZIP) 60615

(Plaintiff's telephone number) (773) - 263-3282

Date: 12-7-18

6

## CERTIFICATE OF DELIVERY

Attachments Enclosed:

    1.) MY STATEMENT OF FACTS RE: MY WALMART CASE

    2.) MY AFFIDAVIT; (Dorothy Swafford)

    3.) JACKIE SCOTT'S AFFIDAVIT

    4.) STORE MANAGER LETTER; (issued by Jackie Scott)

    5.) COPY A; (PERSONNEL MGR. FAX)

    6.) COPY B; (SEDGWICK FAX)

    7.) COPY C; UNEMPLOYMENT STATEMENT LETTER

Dorothy Swafford
451 E. 48th PL, #201
CHICAGO, ILLINOIS 60649
Telephone: (773) 263-3282

Under the UCC Codes 1-207, 1-103, 1-308 without bias or prejudice
All Rights Reserved

BY: _____
    Dorothy Swafford

State of _____Illinois_____ } ss

County of _____Cook_____ } Subscribed before

Executed on this __14th__ day of __April__, 2017

_____
Notary Official

"OFFICIAL SEAL"
Rochelle Closure-Stanford
Notary Public, State of Illinois
My Commission Expires 8/23/2017

Certificate of Delivery/ Notary Official/ My Documentation And Facts To Carol Milzani, Officer of EEOC

From: Dorothy Swafford

451 E 48th PL. #201

Chicago, IL 60615

772-263-3282

To: Carol Milzani

EEOC Officer

Chicago, IL

312-869-8133 Case# 440201700489

Date: 4/14/2017

## MY STATEMENT OF FACTS RE: MY WALMART CASE

I am thankful for you allowing me again, to make this matter as clear as I can as it relates to the evidents I have previously provided you with, so we can continue with my case. I follow all protocol in communicating with Sedgwick and WALMART. Sedgwick then communicated with WALMART letting them know that I had been approved to return to work, afterwards, WALMART did not contact me in regards to calling or writing me to inform me that I am approved to return to work. WALMART violated their own procedural protocol.

On 04/25/16, I went to WALMART to inform them that I was supposed to return to work months ago! DS (on 5/2/16) HAD DR'S NOTE. The person I spoke to about this was Ramona, who was the manager of personnel. Ramona told me that she was waiting on Sedgwick, so this caused me to wait as well. I wasn't aware that I had already been approved to return to work at that time by Sedgwick. After waiting months, I decided to request information on my medical leave case connected to Sedgwick's disability Claim Office case, from Sedgwick; via fax, on 10/6/16. The fax I received from Sedgwick revealed to me that I was approved to return to work. This is how I found out that I had already been approved at that time. Sedgwick informed me that my case had been closed back in May of 2016, and I had been approved to return to work.

They said they assumed I had returned to work at WALMART. Sedgwick approved me with my **accommodations'** listed. My accommodations were not the issue obviously, or reason why I didn't get back to work in a timely fashion; WALMART clearly failed to follow protocol by contacting me and putting me back to work due to obvious negligence. Because after all, I am back at work with the same accommodations listed, and working full time. If I should need to utilize any of my accommodations, based on how I feel, I know I can.

**Note**: There isn't any restrictions in the <u>restriction chart</u> area on my **return to work certification form**; there are only accommodation in the accommodation's area; you have this evidence (document) in your possession; only accommodation area has written accommodation written by Dr. Mo., who is my doctor.

Furthermore, on 10/06/2016, I spoke to Sedgwick, who told me that WALMART was incorrect in telling me that, they were waiting for Sedgwick's Disability Claim Office to contact them. In fact, WALMART had already been contacted by Sedgwick concerning this matter; please refer to evidence (document) you have in your Possession: listed as ...fax sent to WALMART from Sedgwick Disability. I will enclose this document again with this packet as (copy B). This will corroborate my claims what I've just expressed.

Jackie Scott, a friend of my family, delivered a letter to WALMART informing them that I was suppose to return to work months ago. It took another month before I was officially back working on 11/13/16. So in this packet you have useful details and dates, including documented facts that I have also provided initially.

I hope now that we are on the same page and moving forward with this matter.

PAgE. 2 of 2
ExHiBit

Thanking you in Advance!

Dorothy Swafford

All Rights Reserved

PAGE. 2A
EXHIBIT

# AFFIDAVIT

Date: __04/14/17__  County: __Cook__

**Purpose:** To provide my Statement as it relates to the matter concerning my case.

I Dorothy Swafford who is a resident of Cook County, State of ILLINOIS, makes this her Statement and General Affidavit upon oath and affirmation of fact and personal knowledge that the Following matters, facts and things set forth are true and correct to my knowledge.

I am bringing to my case facts that I witnessed during this time of unjustified neglect and discrimination. On 1/2016 it was agreed upon and approved by Walmart/ Sedgwick disability, that I was able to be off work for 6 months until 7/ 2016. During this time off I was denied disability pay. So without income I was forced to cut my medical leave short. In the month of April 2016 I contacted Sedgwick disability and Walmart. I made several attempts to return to work properly by following steps while on medical leave. I brought in a Doctor's release to personnel Mgr (Ramona) on: 4/25, which she herself faxed to Sedgwick:(Copy A). I then received a call on 4/26/16 from Sedgwick Claim office stating it was ok for me to go back to work. And on 4/28 Sedgwick disability Claim office faxed over a statement: (Copy B) to Walmart / Mgr. This shows on 5/2/2016 I was clear to return to work, personell Mgr did not follow Protocal to return me properly. As Notated on the fax: (Copy B) There are 4 Important steps. I never received a call or a letter in the mail or any form of contact telling me to return, or providing Hours to work. * Please note the Key Discussion Points at bottom of this Fax. I am pointing out facts to show neglect, that has caused me to have to go on Welfare, Unemployment and loss of Wages, time, and stress all during a Medical leave to recuperate my condition.* Please see: my Statement letter : (Copy C ) as it points out several key factors of my case. I feel my return to work was well over do and has been neglected by WALMART.

Dated this __14th__ day of __April__, 20__17__

Dorothy Swafford _____  NOTARY PUBLIC _____

"OFFICIAL SEAL"
Rochelle Closure-Stanford
Notary Public, State of Illinois
My Commission Expires 8/23/2017

# AFFIDAVIT

**Date:** 04/14/17  **County:** Cook

**Purpose:** "To provide my statement as it relates to the matter on behalf of Dorothy Swafford"

Personally came and appeared before me, the undersigned Notary, the within named <u>Jackie Scott</u>, who is a resident of <u>Cook</u> County, State of ILLINOIS, and makes this his statement and General Affidavit upon oath and affirmation of fact and personal knowledge that the following matters, facts and things set forth are true and correct to the best of his knowledge:

I Jackie Scott, on 10/10/16, personally hand delivered a "NOTICE" to the on duty store manger Luis Elver, in reference to Ms. Dorothy Swafford's well over do return to work that has been neglected by WALMART.

Dated this 14 day of April, 20 17

_____
Signiture of Affiant

SWORN to subscribed before me, this 14th day of April, 2017

"OFFICIAL SEAL"
Rochelle Closure-Stanford
Notary Public, State of Illinois
My Commission Expires 8/23/2017

NOTARY PUBLIC

My Commission Expires: 8-23-2017

AFFIDAVIT DOC. SJ. 04/06/2017

PAGE. 4
Exhibit

Dorothy Swafford

451 E. 48th Pl #201

Chicago, Il 60615

                              Store Manager/ Re: My Job position

                              109 S. Doty Rd

                              Chicago, IL 60628

Dear Store Manager:

This is a Notice to remind your Store that I was supposed to have returned to work Months ago. It is clearly stated from Sedgwick that I could return. Sedgwick's Claim office represetive called me back on 4/26/16 and stated there were no problems for me to return to work. They then closed my case. There was no Disability Act that I was waiting on to clear me for work. But I was told by Ramona I couldn't return until Sedgwick contact Wal-Mart. Sedgwick had already Ok'd me to return. I spoke to Sedgwick on Thursday 10/06/2016; they said they thought I had returned to work. They approved me Months ago.

See: *Attached Sheet* approving me to Return to work 5/02/16. But H/R said I could not, so I waited and suffered under pressure and financial stress.

So once again I am facing financial hardship, as this unemployment is ending. I now need to return to work with no Problems. I will be waiting for a Call, and for my (Hours) to be put in for me to return. Last positions was Fitting room/ Cashier / Optician.

Thank you

Sincerely, Dorothy Swafford

773-263-3282I   10/09/2016

Dorothy Swafford _[signature]_

Jackie Scott _[signature]_ Dated: 10/10/2016

# Transmission Log

EXHIBIT PAGE 5 (COPY A)

```
Personnel                    Monday, 2016-04-25  11:27              17734680701

Date        Time   Type  Job #   Length  Speed  Station Name/Number   Pgs  Status
---------   -----  ----  -----   ------  -----  -------------------   ---  ---------------
2016-04-25  11:25  SCAN  01477   1:53    14400                 ÿÿÿÿ   3    OK -- V.17 1H30
```

**Return to Work Certification-**

- **PROVIDERS:** Return to Work program has been implemented to help associates return to work. If your patient can return to work with restrictions, Complete Section B of this form to help determine if there is an accommodation(s) available to assist your patient in their return to work.
- **ASSOCIATE INSTRUCTIONS:** If you are returning from personal leave due to your own serious health condition, you must provide a written release completed by your health care provider before you will be permitted to return to work. The completion by your health care provider of Section B of this form will satisfy the written release requirement.
- A completed certification or medical release should be: 1) faxed to Sedgwick at 866-209-1733 at least 3 days prior to your return to work in order to finalize the administration of your leave; and, 2) provided to your management upon reporting back to the facility and beginning work.
- You should contact your facility management before returning to work within three weeks of the return date, or as soon as the return-to-work date is known. This allows you to be added back into the work schedule.



**FACILITY MANAGER/PERSONNEL:** If you are in receipt of this form and the Associate is returning with restrictions, please check the appropriate box below and fax to Sedgwick.
☐ Returned - no accommodation needed   ☐ Returned with Job Adjustment
Date Associate returned to work: _____
☐ Not Returned (If you have not previously discussed with Sedgwick, you will receive communication regarding the next steps)
Print Name: _____ Signature: _____ Title: _____ Date: _____

Associate Name: Dorothy Swafford
Facility #: 5965  ☐ Store ☐ Club ☐ Other ___   Associate WIN#: 210134642
Date Leave Began: 1/23/2016                      City/State: Chicago IL
I understand that I cannot return to work without a release from my health care provider.  Expected Return to Work Date: 5/02/16
Associate's Signature: Dorothy Swafford     Job Title: Sales associates      Date: 4/22/16

I certify that the associate named above is medically able to resume work on: Date: May 2nd, 2016
This associate can return to work: ☒ With No Restrictions    ☒ With Restrictions (describe below)
Restriction(s): If the associate can return to work with restriction(s), please check the appropriate box for each applicable restriction. Specific, quantifiable limitations as to weight, duration, and frequency are helpful. Example: "can only stand 10 minutes out of every hour for six weeks" or "can lift up to 10 pounds frequently indefinitely". This information will allow the company to evaluate whether or not and how the associate can be safely and productively returned to work and will aid in assessing any accommodation need(s). If you need additional room, please ensure any attached pages are signed and dated.

| Restriction | Quantifiable Measures | Duration | Restriction | Quantifiable Measures | Duration |
|---|---|---|---|---|---|
| Bending |  |  | Pulling |  | ( to ) |
| Breathing |  | ( to ) | | | |
| Climbing |  | ( to ) | Reaching | | ( to ) |
| Hearing |  | ( to ) | Seeing | | ( to ) |
| Lifting | lbs. | ( to ) | Standing | | ( to ) |
| ☐ Other (Specify): | | | Twisting | | ( to ) |

**Accommodation(s):** If returning with restriction(s), please list suggested ways associate can be accommodated.
Option 1: No long standing due to knee pain, one day week out off knees
Option 2: 5 hours (6 Hours) per day only 2 days Rest For knees

Health Care Provider's Signature: _____           Date: 4/22/16
Name of Health Care Provider (Please Print): Jackey MD
Address of Health Care Provider:
                                        Phone Number:
                                        Harmony Medical & Wellness Ctr
                                        4600 N Magnolia Ave Suite D
                                        Chicago IL 60640
                                        Phone: 773-989-1885

*Recieved date 10/6/16*

*EXHIBIT PAge. 6 (COPY B)*

**From:** walmartincomingreplies@sedgwickcms.com
**Sent:** 04/28/2016 21:43:27.920
**To:** STORE-MGR.s05965@stores.us.wal-mart.com,TRAINING-COORD.s05965@stores.us.wal-mart.com,PERSONNEL.s05965@stores.us.wal-mart.com
**Subject:** DOROTHY SWAFFORD /# 210134642- Accommodation Request Determination Notice-Partial Approval

Name: DOROTHY SWAFFORD
WIN ID: 210134642
Claim #: B683038131-0001-01
Phone: (800) 492-5678
Fax: (866) 209-1733

The associate's accommodation request has been approved in part. <<To the extent the associate's request could not be approved, the associate has been offered an alternative accommodation.>>

The following accommodations have been approved:
- **Allow the associate to return to work 05/02/16**
- **Allow her to have water and her BP Meter at her register**
- **Please provide her with a stool/chair to have at her register**
- **Please assist her in adjusting her availabbiliy and/or scheduling preferences**

*I never recieved A call or to correctly return me To work.*

*I never recieved this Letter of an offer to accomadate me once BACK to work...*

**Action Required:**
1. Print the attached determination letter which should be given to the associate. If the associate is currently on leave and cannot be reached by telephone, the letter should be mailed to them via overnight mail (not certified).
2. Schedule time to cover the determination with the associate within 24 hours.
3. Implement the accommodation as quickly as possible.
4. Keep interactive discussion channels open with the associate.

**Key Discussion Points:**
- Communicate a timeline for implementation of the accommodation and explain to the associate that this accommodation is there to assist with performance expectations in their job (if necessary).
- Encourage the associate to notify the facility if their accommodation is not effective and communicate this back to ASC for further direction.
- Explain to the associate that if they reject the alternative offered and provide no acceptable counter alternative, no further action will be taken and they will be expected to perform within existing conditions unless doing so would violate their medical restrictions.
- Advise the associate that, regardless of whether they accept or reject the accommodation offered, they can still pursue other options such as applying for a transfer or taking a leave of absence (if eligible).
- Advise the associate that they can appeal the determination by completing and submitting the *Request for Reconsideration Form* attached to the determination letter (also page 8 of the *Accommodation Request Packet*).

4-28-2016    B683038131000101    7020160428046834

PAGE. 7

Exhibit (COPY C)

From: DOROTHY SWAFFORD
451 E. 48TH PL #201
CHICAGO ILL, 60615

Date: 05/20/2016
Claimant ID: 3440097

To: Illinois Department of Employment Security
P.O. Box 19509
Springfield, IL 62794

This is my "statement letter" in my defense against WALMART'S false claims of stating: I was not able or available to work and that I voluntarily quit to take a medical leave of absence. These statements are absolutely false. I was able and available for work since my release from Doctor on 4/22/16. I was due to return to work with specifications listed by my doctor concerning my medical condition on 4/25/16 as well as 5/02/2016.

I filed for Unemployment due to the fact that Sedgwick Disability Claim Office/ Walmart had given me such a difficult and stressful time while on an **"approved medical leave by Sedgwick"**. They did not provide me with payment while on medical leave from 01/2016 till the date of Denial on 4/11/16. WALMART has worn me down physically while on medical leave and financially throughout this whole process in my compliance to satisfy what they required in order to pay me while off work for medical leave. I have worked loyally for WALMART for 10 hard dedicated years and I don't deserve this mistreatment, neglect and disregard just because of my medical conditions.

Concerning my initial return date of 04/25/16 The Human Resources Manager (Ramona)/ WALMART told me upon my first visit on 04/25/16 the Restrictions that the Doctor listed would not return me to work, it would be rejected. She said I needed a corrected return sheet from doctor and I have to fax a Certification Medical Release Form to Sedgwick/ WALMART before I can return to work with accommodations. She also said WALMART'S store manager (Louis) would give me the hours and they would call me, so I waited.

I have made several visits to my job (WALMART) with handwritten note and made several phone calls to insure work hours were given to me.

On 04/26/2016 I received a call from Sedgwick/ WALMART Disability Claim Office Representative who stated that there wasn't a problem for me to return to work with accommodations specified. He then stated that they would call me. After 04/26/2016 I received no calls concerning this matter from Sedgwick Disability Claim Office or from my job at WALMART to this day. There has been no hours granted to me. What am I suppose to do? I then looked for work and had filed for unemployment benefits. I am financially behind in rent and other bills because of Sedgwick's/ WALMART'S negligence and disregard overall.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 440-2017-00479 |

Illinois Department Of Human Rights and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Dorothy J. Swafford | (773) 263-3282 | 07-13-1961 |

Street Address: 451 E 48th Place, Chicago, IL 60615

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| WALMART | 500 or More | (773) 344-9016 |

Street Address: 10900 S. Doty Avenue, Chicago, IL 60628

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest — Latest: 10-31-2016
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with Respondent on or about March 18, 2000. My most recent position was Cashier. On or about January 2016, I took a medical leave of absence. In or around April 2016, I informed Respondent that I was released to return to work. I have called to no avail. To date, I have not been returned to work.

I believe that I have been discriminated against because of my disability, in violation of the Americans with Disabilities Act of 1990, as amended.

RECEIVED EEOC
OCT 31 2016
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 31, 2016
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Dorothy J. Swafford<br>451 East 48th Place<br>Chicago, IL 60615 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2017-00479 | Katarzyna Hammond,<br>Investigator | (312) 869-8024 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Julianne Bowman,
District Director

9/10/18
*(Date Mailed)*

Enclosures(s)

cc: WAL-MART STORES, INC.
c/o Elizabeth LaFollette
Littler Mendelson, GSC
2301 McGee Street, Suite 800
Kansas City, MO 64108



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Chicago District Office

500 West Madison Street, Suite 2000
Chicago, IL 60661
TTY (312) 869-8600
FAX (312) 869-8220

Charge Number 440-2017-00479

Dorothy Swafford                                     Charging Party
451 East 48th Place
Chicago, Illinois 60615

    v.

Wal-Mart Stores, Inc.                                Respondent
10900 South Doty Avenue
Chicago, Illinois 60628

## DETERMINATION

Under the authority vested in me by the Commission's Procedural Regulations, I issue the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended (ADA).

The Respondent is an employer within the meaning of the ADA, and all requirements for coverage have been met.

The Charging Party alleges that she was discriminated against because of her disability, in that she was not returned to work following a medical leave of absence, in violation of the ADA.

I have determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against the Charging Party and a class of individuals because of their disabilities, in that they were not allowed to return to work from a medical leave of absence, in violation of the ADA.

This determination is final. When the Commission finds that violations have occurred, it attempts to eliminate unlawful practices by informal methods of conciliation. Therefore, I invite the parties to join with the Commission in reaching a just resolution of this matter. Disclosure of information obtained by the Commission during the conciliation process will be made only in accordance with the Commission's Procedural Regulations (29 C.F.R. Part 1601.26).

Charge Number: 440-2017-00472
Determination
Page Two

If the Respondent wishes to accept this invitation to participate in conciliation efforts, it may do so at this time by proposing terms for a conciliation agreement; that proposal should be provided to the Commission representative within 14 days of the date of this determination. The remedies for violations of the statutes we enforce are designed to make the identified victims whole and to provide corrective and preventive relief.

These remedies may include, as appropriate, an agreement by the Respondent not to engage in unlawful employment practices, placement of identified victims in positions they would have held but for discriminatory actions, back pay, restoration of lost benefits, injunctive relief, compensatory and/or punitive damages, and notice to employees of the violation and the resolution of the claim.

Should the Respondent have further questions regarding the conciliation process or the conciliation terms it would like to propose, we encourage it to contact the assigned Commission representative. Should there be no response from the Respondent in 14 days, we may conclude that further conciliation efforts would be futile or nonproductive.

On Behalf of the Commission:

4/25/18
Date

Julianne Bowman
Acting District Director



U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
**Chicago District Office**

500 West Madison Street, Suite 2000
Chicago, IL 60661
CHICAGO DD: (312) 869-8000
TTY: (312) 869-8001
INTAKE FAX: (312) 869-8170

Dorothy J. Swafford
451 East 48th Place
Chicago, IL 60615

Re: Charging Party: Dorothy J. Swafford
Respondent: WALMART
EEOC Charge: 440-2017-00479

Dear Ms. Swafford:

Attached please find a Notice of Right to Sue issued on your behalf in the above referenced matter. The Commission's efforts to conciliate this matter with Respondent have been unsuccessful. The Commission has determined that it will not bring a lawsuit against the Respondent. By issuing the attached Notice of Right to Sue, the Commission is terminating its processing of your charge.

The attached Notice of Right to Sue entitles you to pursue private litigation concerning your allegations against Respondent(s) within 90 days of your receipt of this letter. You may wish to retain a private attorney at this time.

If you do file suit based on this Notice of Right to Sue, it is requested that you provide us with a copy of the complaints you file in court.

On Behalf of the Commission:

9/10/18
Date

Julianne Bowman
District Director

Enclosure(s)
161-A
Form 5
Notice of Disclosure Rights
Filing Suit in Illinois